**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Charissma Clifton,

Plaintiff,

v.

Equifax Information Services LLC,

Defendant.

Case No. 2:26-cv-01720-ART-DJA

**Order**

Before the Court is Defendant's motion to seal Plaintiff's motion to enforce settlement. (ECF No. 14). Defendant argues that Plaintiff disclosed the terms of the parties' settlement in her motion. Plaintiff had moved to enforce settlement (ECF No. 10) and then withdrew that motion (ECF No. 11). The Court is still awaiting the parties' dismissal documents.

A party seeking to seal a document must show good cause if the document is not more than tangentially related to the merits of the case and must show compelling reasons if it is. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178, 1180 (9th Cir. 2006); *see Center for Auto Safety v. Chrysler Group, LC*, 809 F.3d 1092, 1097, 1101 (9th Cir. 2016). In the context of moving to seal settlement provisions, although parties to a settlement agreement may prefer to keep its terms secret, once they turn to the federal court to resolve their dispute, the public administration of justice demands transparency. *Avocados Plus Inc. v. Freska Produce Int'l LLC*, No. 2:19-cv-06451-RGK-JC, 2019 WL 12345580, at *2 (C.D. Cal. Oct. 8, 2019) (quoting *Polaris Innovations Ltd. v. Kingston Tech. Co.*, No. SA CV 16-00300-CJC(RAOx), 2017 WL 2806897, at *7 (C.D. Cal. Mar. 30, 2017)). Here, the Court finds that Defendant has shown good cause and compelling reasons to seal Plaintiff's motion. Defendant asserts that Plaintiff filed her motion even though the parties were actively completing their settlement terms and withdrew it as the parties completed those terms. (ECF No. 14). So, although Plaintiff initially turned to the Court to resolve a settlement dispute, that turn appears to have been premature and the parties appear to

have resolved the dispute outside of Court. Additionally, Plaintiff has not opposed the motion to seal, constituting her consent to the Court granting it. *See* LR 7-2(d). So, the Court does not find that the administration of justice demands transparency of those settlement terms and grants Defendant's motion. The Court will further set a deadline by which the parties must file a stipulation of dismissal.

**IT IS THEREFORE ORDERED** that Defendant's motion to seal (ECF No. 14) is **granted.** The Clerk of Court is kindly directed to place ECF No. 10 under seal.

**IT IS FURTHER ORDERED** that the settling parties shall have until **November 9, 2026,** to file a stipulation of dismissal or a joint status report explaining what is impeding settlement and how or if the Court can assist.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to **send** Plaintiff a copy of this order.

DATED: October 9, 2026

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE